IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE.[1],
c/o Sanford Heisler Sharp, LLP
111 S. Calvert Street, Suite 1950
Baltimore, MD 21201

         Plaintiff,

DAVID CHUNG,
1881 N Nash St Ste 611
Arlington, VA 22209

         Defendant.

Case: 1:19-cv-03266
Assigned To : McFadden, Trevor N.
Assign. Date : 10/30/2019
Description: P.I.     (B-DECK)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, for her Complaint against Defendant, DAVID CHUNG, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a 24-year-old individual and resident of the state of Maryland currently and at all times relevant to this lawsuit.

2. Defendant Chung is a 47-year-old individual and a resident of the Commonwealth of Virginia.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the action is between residents of different states and the amount in controversy is more than $75,000.

4. Venue is proper in this District as it is the location of the operative allegations contained herein.

---

[1] Jane Doe. is a pseudonym used in the caption of this complaint. Contemporaneous with the filing of this Complaint is Plaintiff's motion to proceed under pseudonym.

RECEIVED
OCT 2 8 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## GENERAL ALLEGATIONS

5. On October 28, 2016, Plaintiff was invited by a friend to a Halloween party in the Georgetown neighborhood of the District of Columbia hosted by William Dean, who is a close friend and wealthy colleague of the Defendant.

6. Mr. Dean was well known at the time for his lavish and often risqué Halloween parties that included invitations to many young and attractive female attendees dressed in revealing costumes as well as copious amounts of alcohol and drugs

7. Plaintiff had never attended one of Mr. Dean's parties and October 2016 would be her first and last time at Mr. Dean's home.

## SEXUAL ASSAULT

8. On Saturday evening, October 29, 2016, Plaintiff attended Mr. Dean's Halloween party with her friend.

9. The two women were at the heavily-attended party for several hours.

10. In the early morning hours of October 30, 2016, Plaintiff was in one of the bedrooms with other party goers when Mr. Chung began to grope her. Within moments, the other party goers left the room and Mr. Chung continued to make the unwanted advances.

11. When Plaintiff began to refuse Mr. Chung's advances, the touching became forceful. Chung next began to forcefully and aggressively attempt oral copulation on Plaintiff and he began to bite her in the process.

12. Plaintiff resisted and began yelling at Mr. Chung to stop. Mr. Chung's behavior only escalated in response. Mr. Chung raped Plaintiff on the bed of that room and then left.

13. Multiple witnesses from the party heard Plaintiff screaming and came running to the room immediately thereafter. Witness accounts indicated that Plaintiff was on the floor crying and explained that Chung had raped her.

14. One female witness in particular came into the room and found Plaintiff unclothed on the bathroom floor. While in the bathroom, Chung returned and was angry, calling Plaintiff a "stupid bitch."

15. Chung then grabbed the female witness and threw her into the wall before then taking her to the ground where he slammed her head into the floor of the bedroom. The female witness was screaming and other guests at the party responded and saw Chung's actions.

16. Another partygoer, who was reportedly friends with Mr. Dean, yelled, "help, David's going crazy!"

17. A witness stated that they needed to call the police and Chung then fled the home.

18. Another female partygoer spoke with Plaintiff and asked her if she was raped. Plaintiff stated that she was and described Chung forcing himself on her while she was pleading with him to stop and stated that he penetrated her as Plaintiff was pointing towards her vagina.

19. Metropolitan Police responded to investigate the assault and Plaintiff cooperated. Defendant was never contacted and was never charged with a crime.

## COUNT ONE
### (Assault and Battery)

20. Plaintiff incorporates by reference the allegations of facts contained in the previous paragraphs.

21. Defendant's forced sexual contact and brutal assault upon Plaintiff caused Plaintiff to be in reasonable apprehension of imminent bodily harm.

22. Defendant's forced sexual and physical contact constitutes criminal sexual abuse in the first degree under D.C. Code Ann. § 22-3002 and criminal assault under § 22-404.

23. Defendant acted with the intent and capability to do bodily harm to Plaintiff when he held her down on the bed and forcibly groped, bit and then raped her.

24. As a direct and proximate result of Defendant's actions, Plaintiff suffered, and continues to suffer, substantial damages including, but not limited to, extreme pain and suffering, humiliation, mental distress, medical and counseling expenses.

25. Defendant's attack of Plaintiff was willful and outrageous and was characterized by evil motive, intent to injure, ill will and fraud, and was done with actual malice given her repeated and clear attempts to physically and verbally resist at all times. His actions shock the conscience and are so outrageous as to warrant the award of punitive damages.

## COUNT II
### (Battery & Punitive Damages)

26. Plaintiff fully incorporates by reference the allegations set forth in the preceding paragraphs.

27. Defendant committed several acts that constitute harmful and offensive contact on Plaintiff on October 29, 2019 by forcibly groping, biting and then raping her.

28. Defendant's harmful and offensive vaginal penetration was committed willfully and intentionally and with actual malice in an effort to exercise power and control over Plaintiff, to humiliate her, and to gain sexual gratification without regard to the physical and emotional harm Defendant knew or should have known would result to Plaintiff from his actions.

29. Defendant's forced sexual contact constitutes criminal sexual abuse in the first degree under D.C. Code Ann. § 22-3002 and criminal battery § 22-404.

30. Defendant lacked privilege or permission to engage in these harmful and offensive acts. Defendant knew or should have known he lacked such privilege or permission because Plaintiff physically resisted the Defendant and verbally expressed a lack of consent to the physical and sexual contact at all times.

31. As a direct and proximate result of Defendant's forced sexual and physical contact, Plaintiff suffered, and continues to suffer, substantial damages including, but not limited to, physical pain, emotional distress, humiliation, medical and counseling expenses.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff seeks a judgment against Defendant as follows:

1. An award of damages to be determined at trial, including, without limitation, Plaintiff's past, present and future emotional pain and suffering, and past and future economic losses in amounts to be determined by the jury;

2. Punitive or exemplary damages;

3. Costs;

4. Pre and post-judgment interest on all sums awarded;

5. Such other and further relief as the Court deems just and proper.

DATED: October 28, 2019    Respectfully submitted,

By: *Steven Kelly /AT*

Steven J. Kelly (D.C. Bar No. 1021534)
Christine Dunn (D.C. Bar No. 468401
SANFORD, HEISLER, SHARP, LLP
111 Calvert Street, Ste 1950
Baltimore, MD 21202
410-834-7416
skelly@sanfordheisler.com
sdunn@sanfordheisler.com


John C. Clune, *Admission forthcoming*
Christopher W. Ford, *Admission forthcoming*
HUTCHINSON, BLACK, AND COOK, LLC
921 Walnut Street, Suite 200
Boulder, CO 80303
clune@hbcboulder.com
ford@hbcboulder.com

Attorneys for Plaintiff

6