UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE**, | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-03266 (TNM) |
| **JAMES ROE**, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

The Defendant moves "for permission to proceed under pseudonym" and "to remove his real name from prior filings." Def.'s Mot. at 1,[1] ECF No. 13.  The Court previously granted the Plaintiff's motion to proceed under a pseudonym.  Mem. & Order at 6, ECF No. 6.  The Plaintiff alleges that the Defendant sexually assaulted her.  Compl. ¶¶ 10–18, ECF No. 1.  She "takes no position" on the Defendant's motion.  Def.'s Mot. at 1.  For the following reasons, the Court grants the Defendant's motion, subject to reconsideration at an appropriate later stage.

Allowing a party to proceed anonymously is a "rare dispensation," and the Court has a "judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted."  *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (per curiam) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).  The Court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019).  The D.C. Circuit recently identified five factors that provide a starting point for this analysis:

---

[1] All page citations are to the page numbers that the CM/ECF system generates.

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at 97 (citing *James*, 6 F.3d at 238). The Court must also consider any other "factors relevant to the case before it." *Id.*

The first, second, fourth, and fifth factors weigh in the Defendant's favor. The Plaintiff alleges that he sexually assaulted her. The case thus involves "a matter of sensitive and highly personal nature" between private parties. In this situation, the Defendant has a greater privacy interest than, say, a governmental defendant. The nature of the allegation also creates a "risk of retaliatory physical or mental harm." Existing publicity here may enhance this risk. In 2016 and 2017, the *Washington Post* published two articles about the alleged assault, but it withheld the Defendant's name because prosecutors declined to bring criminal charges. *See* Mem. in Supp. of Def.'s Mot. ("Def.'s Mem.") at 6 & nn.14–15, ECF No. 13-1.

There is no apparent "risk of unfairness" to the Plaintiff if the Defendant proceeds anonymously. She named him in her Complaint, so she knows his identity. Plaintiff is proceeding anonymously, so fairness suggests that, in this sort of case and at this early stage, the Defendant should be able to do so as well.[2]

---

[2] The Defendant "does not object to Plaintiff's use of a pseudonym if he is afforded equal treatment." Def.'s Mem. at 7.

It is less clear if the third factor—the one about age—weighs in favor of the Defendant, who is 47 years old. Compl. ¶ 2. He contends that it does, because "the professional and family life he has built is put at risk by attaching serious, unproven allegations to his name." Def.'s Mem. at 7. One might expect, however, that the relevance of age is generally about whether the litigant is an adult or a minor, with minors having a greater interest in privacy. *See James*, 6 F.3d at 238–39. Regardless, the other factors sufficiently weigh in favor of allowing the Defendant to proceed anonymously and overcome the "presumption in favor of disclosure." *In re Sealed Case*, 931 F.3d at 96. More, since the Plaintiff "takes no position" on the motion, she has not identified any factors that might weigh against him.

Of course, this case is at an early juncture. The allegations in the Complaint are still just that—allegations. The Court may reconsider its decision at an appropriate later stage.[3]

For these reasons, it is hereby

**ORDERED** that the Defendant's [13] Motion to Proceed Under Pseudonym is GRANTED, subject to reconsideration at an appropriate later stage. The Defendant shall be permitted to proceed under the pseudonym "James Roe." The parties shall refer to the Defendant as "James Roe" in all future filings with the Court; it is further

---

[3] The Defendant also recently filed a sealed motion for leave to file under seal an emergency motion to expedite the Court's ruling on his motion to proceed under a pseudonym. Sealed Mot. at 1, ECF No. 14. The emergency motion asks the Court to grant the motion to proceed under a pseudonym and to "seal prior filings with his name." Emergency Mot. at 1, ECF No. 14-1. That is different relief than what he requested in his original motion. There, he asked the Court "to remove his real name from prior filings." Def.'s Mot. at 1. Allowing a litigant to proceed anonymously is distinct from sealing filings completely. The former shields from public view only the Defendant's name, not the entirety of any document that bears his name. *See Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (listing six factors a court must weigh when "presented with a motion to seal"). Since the Court is granting the relief the Defendant sought in his original motion, it will not also seal all prior filings bearing his name. The Defendant is free to move the Court to seal these documents if he believes the relief he requested in his original motion is inadequate.

**ORDERED** that the Clerk of the Court shall redact the Defendant's real name from the docket and all docket entries; it is further

**ORDERED** that the Clerk of the Court shall redact the Defendant's real name from all public filings that bear his real name—ECF No.'s 1, 2, 3, 4, 6, 8, 9, 10, 11, and 12 and accompanying attachments; it is further

**ORDERED** that the Clerk of the Court shall redact the Defendant's address from all public filings that bear his address—ECF No.'s 1, 8, 9, and 11; it is further

**ORDERED** that the Plaintiff is prohibited from publicly disclosing the Defendant's identity or any personal identifying information that could lead to the identification of the Defendant by nonparties, except for the purposes of investigating the allegations contained in the pleadings in this case; it is further

**ORDERED** that the Defendant's [14] Sealed Motion for Leave to File Under Seal is DENIED AS MOOT.

**SO ORDERED**.

Dated: January 27, 2020                                          TREVOR N. McFADDEN, U.S.D.J.